IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEE SHAVERS, JR.

    Plaintiff,                             No. CIV S-10-1001 JAM CKD P

    vs.

D. CLARK, et al.

    Defendant.                           FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. He has moved for an injunction against a correctional officer named Madrid at a correctional facility he calls "Sat-F State Prison."[1] He alleges harassment by Madrid, who is not party to this case. He seeks an injunction to prevent Madrid from interfering in his access to medical care.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary

---

[1] Presumably "Sat-F" is shorthand for the California Substance Abuse Treatment Facility in Corcoran, where plaintiff is currently incarcerated.

1

1 injunction represents the exercise of a far reaching power not to be indulged except in a case
2 clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The
3 proper legal standard for preliminary injunctive relief requires a party to demonstrate that he is
4 likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
5 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
6 public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter v.
7 Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases
8 brought by prisoners involving conditions of confinement, any preliminary injunction "must be
9 narrowly drawn, extend no further than necessary to correct the harm the court finds requires
10 preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §
11 3626(a)(2).

12      Plaintiff cannot, by this motion, enjoin persons who are not defendants in the
13 underlying action, based on claims that are not set forth in the operative complaint. "Unrelated
14 claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605,
15 607 (7th Cir. 2007). Furthermore, plaintiff has not demonstrated that in the absence of injunctive
16 relief he is likely to suffer irreparable harm, either on the merits of the instant litigation or, more
17 fundamentally, to his person. While obstructing a prisoner's access to medical care could in
18 some circumstances warrant immediate injunctive intervention by a court, this plaintiff only
19 makes vague allegations that Madrid has been "kicking me out of medical when I have an
20 appointment[.]" Plaintiff describes no specific medical condition he suffers or specific treatment
21 he needs, thus leaving the court to speculate what harm, if any, he might face if his allegations
22 are true. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a
23 preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.
24 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).
25 Rather, a presently existing actual threat must be shown, although the injury need not be certain
26 to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969);

1  FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998);
2  Caribbean Marine, supra, 844 F.2d at 674.
3          For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to
4  the injunctive relief he seeks.  The motion should be denied.
5          Accordingly, IT IS RECOMMENDED that the motion for an injunction (Docket
6  no. 32) be denied.
7          These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
9  one days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within twenty-one days after service of the objections.  The parties are
13 advised that failure to file objections within the specified time may waive the right to appeal the
14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   Dated: November 18, 2011

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

[3] shav1001.pi.ord