1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JESSE LEE SHAVERS, JR.

10            Plaintiff,                    No. CIV S-10-1001 JAM CKD P

11        vs.

12   D. CLARK, et al.

13            Defendant.                    FINDINGS AND RECOMMENDATIONS
     _____/

14

15            Plaintiff is a state prisoner proceeding without counsel in an action under 42

16   U.S.C. § 1983.  He has moved for an injunction against a correctional officer named Madrid at a

17   correctional facility he calls "Sat-F State Prison."[1]  He alleges harassment by Madrid, who is not

18   party to this case.  He seeks an injunction to prevent Madrid from interfering in his access to

19   medical care.

20            A preliminary injunction should not issue unless necessary to prevent threatened

21   injury that would impair the court's ability to grant effective relief in a pending action.  "A

22   preliminary injunction... is not a preliminary adjudication on the merits but rather a device for

23   preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra

24   On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary

25   _____

26        [1] Presumably "Sat-F" is shorthand for the California Substance Abuse Treatment Facility
     in Corcoran, where plaintiff is currently incarcerated.

injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff cannot, by this motion, enjoin persons who are not defendants in the underlying action, based on claims that are not set forth in the operative complaint. "Unrelated claims against different defendants belong in different suits[.]"  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Furthermore, plaintiff has not demonstrated that in the absence of injunctive relief he is likely to suffer irreparable harm, either on the merits of the instant litigation or, more fundamentally, to his person.  While obstructing a prisoner's access to medical care could in some circumstances warrant immediate injunctive intervention by a court, this plaintiff only makes vague allegations that Madrid has been "kicking me out of medical when I have an appointment[.]"  Plaintiff describes no specific medical condition he suffers or specific treatment he needs, thus leaving the court to speculate what harm, if any, he might face if his allegations are true.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969);

1   FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998);

2   Caribbean Marine, supra, 844 F.2d at 674.

3              For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to

4   the injunctive relief he seeks.  The motion should be denied.

5              Accordingly, IT IS RECOMMENDED that the motion for an injunction (Docket

6   no. 32) be denied.

7              These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

9   one days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within twenty-one days after service of the objections.  The parties are

13  advised that failure to file objections within the specified time may waive the right to appeal the

14  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   Dated: November 18, 2011

16                                                          _____
17                                                          CAROLYN K. DELANEY
                                                            UNITED STATES MAGISTRATE JUDGE
18

19

20  3
    shav1001.pi.ord
21

22

23

24

25

26

3