IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEE SHAVERS, Jr.

      Plaintiff,                       No. CIV S-10-1001 JAM CKD P

    vs.

D. CLARK, et al.

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that defendants Clark, Robertson and Grannis retaliated against him for attempting to file a prison grievance, thus violating his First Amendment right to free speech. The defendants have filed a motion to dismiss, arguing that the plaintiff failed to exhaust his administrative remedies.

    I.  Exhaustion standard

       A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies,

1

the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The California Department of Corrections and Rehabilitation's (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Under CDCR regulations, an inmate must file his prisoner grievance within fifteen days of the events grieved.[1] If a plaintiff failed to exhaust available administrative remedies by filing a late grievance, his case must be dismissed. Woodford v. Ngo, 548 U.S. 81 (2006). Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Exhaustion "'means using all steps that the agency holds out, and doing so properly....'" Woodford, 548 U.S. at 90 (citation omitted). Therefore, an inmate must pursue a grievance through every stage of the prison's administrative process before a civil rights action is filed, unless he can demonstrate a step was not available to him.

Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119. The court resolves all ambiguities in favor of the non-moving party. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

---

[1] California regulations do not require an inmate to specifically identify a prison official in a grievance. Therefore an inmate need not name a particular individual during the grievance process in order to name that person as a defendant and meet the PLRA's exhaustion requirement when he files suit. See Jones v. Bock, 549 U.S. 199, 218-219 (2007); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

II. <u>Analysis</u>

The plaintiff alleges in his complaint that on July 30, 2009, "several unknown state correctional officers" intentionally allowed several other inmates at High Desert State Prison (HDSP) "out of their cells at which point me and my brother [were] assaulted by several inmates." Complaint at 3.[2] Plaintiff avers that he was injured in the assault, and he characterizes the incident as a "failure to protect me from harm by several unknown officers[.]" <u>Id.</u> The complaint then states that on October 1, 2009, defendants Clark, Robertson and Grannis "intentionally retaliated against me by refusing to file my (timely) 602 appeal [and] 832.5 citizens complaint[.]"[3] Complaint at 4. Although the complaint is not explicit in saying so, presumably plaintiff was attempting to file grievances concerning the assault of July 30. The complaint thus alleges two constitutional violations: (1) failure to protect plaintiff from the assault of July 30, averred against unknown defendants, and (2) retaliation for attempting to file a grievance or complaint about the assault, averred against defendants Clark, Robertson and Grannis. Insofar as the court's screening order allowed service only against the named defendants, the claim of retaliation is the sole cause of action remaining in this case.

Defendants submit two sworn declarations in support of their argument that plaintiff did not exhaust his retaliation claim. First, they submit the affidavit of P. Stassi, an Appeals Coordinator at HDSP at the time plaintiff says he attempted to file a grievance about the assault. Stassi states that HDSP appeal records show that on November 6, 2009, inmate Shavers submitted an appeal about the assault, but it was returned because it did not state the date of the

---

[2] The court refers to the page numbers assigned by the court's CM/ECF system, where applicable.

[3] "602 appeal" and "832.5 citizens complaint" refer to two different vehicles for complaining about a peace officer's conduct. The former is the CDCR's internal procedure by which an inmate brings a grievance to the attention of prison officials. The latter is created by California Penal Code § 832.5, which requires "[e]ach department or agency in this state that employs peace officers [to] establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies[.]"

incident.  See Decl. of P. Stassi at ¶ 5 (Docket No. 13-1).  When plaintiff re-filed the grievance on November 13 and included the date of the assault, it was screened out as untimely.  Id.  Stassi also states that plaintiff "did not submit any grievances in 2009 that the appeals office at HDSP accepted for review."  Id. at ¶ 4.

Defendants also submit the sworn declaration of D. Foston, who is the Chief of the Inmate Appeals Branch (IAB) for CDCR.  He states that plaintiff "did not submit any appeals that IAB accepted for Director's Level Review in the year 2009."  Decl. of D. Foston at ¶ 4 (Docket No. 13-2).

Plaintiff responds that he first tried to file an appeal in September 2009.  See Opp'n at 2 (Docket No. 29).  He claims that he attempted to do so three times but was denied at every attempt.  His explanation of his appeals process is not perfectly clear, but it suggests that he was essentially filing the same grievance over and over and that, at some point, "because I asked for the two officers' names involved in my assault... a coup was then conspired to deny me of exhaustion of remedies."  Id.  Since the complaint alleges that acts of retaliation occurred on October 1, 2009, his description of a series of attempts to file the same grievance beginning in September 2009 can only refer to a grievance concerning the assault of July 2009.  He cannot be describing an attempt to file a grievance about a wholly independent claim of retaliation that, according to his complaint, occurred on October 1, 2009.  It appears undisputed that the appeal based on the assault was denied as untimely, and plaintiff is strident in asserting that his attempt to exhaust that claim was unconstitutionally blocked in retaliation for complaining about the assault in the first place.  But the assault is not the basis of plaintiff's federal claim; retaliation is.  Critically, at no point in his complaint or opposition does plaintiff say he filed a 602 appeal about the defendants' alleged "coup" of retaliation.

As stated above, defendants bear the burden of proving non-exhaustion.  The court notes that they have not followed the well established and ordinarily easy requirement that, whenever possible, sworn assertions regarding a particular inmate's exhaustion process must be

supported with documentation of that process. See Wyatt, 315 F.3d at 1119 (noting that prison officials are likely to have "superior access to prison administrative records in comparison to prisoners"). However, the gravamen of Stassi's and Foston's affidavits is that plaintiff never filed any grievance claiming that prison officials retaliated against him for attempting to use the prison appeals process. Plaintiff makes no attempt to rebut or correct that assertion, so the court will not require the defendants to produce documentation of something that neither party claims happened. The court finds on the evidence before it that defendants have met their burden of showing the retaliation claim was not exhausted. The motion to dismiss should be granted.

Accordingly, IT IS RECOMMENDED:

1. The motion to dismiss (Docket No. 13) be granted for failure to exhaust administrative remedies.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 28, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm
shav1001.57